In re Fred K. HONIGMAN, Debtor.

VENERGIA, C.A., Plaintiff,

v.

Fred K. HONIGMAN, Defendant and Third Party Plaintiff,

v.

Mitchell MOSES, Third Party Defendant,

and

Venezla Rondon, Third Party Defendant.

Bankruptcy No. 90–23278T.
Adv. No. 91–2133.

United States Bankruptcy Court, E.D. Pennsylvania.

June 9, 1992.

Thomas W. Ostrander, Duane, Morris & Heckscher, Philadelphia, Pa., for Venergia, Moses and Rondon.

James G. Wiles, Stevens & Lee, Wayne, Pa., for Exide.

Carol Eisenberg, Philadelphia, Pa., and Mitchell B. Gerson, Groen, Laveson, Goldberg & Rubenstone, Bensalem, Pa., for debtor.

Laurence R. Kulig, Goldstein & Manello, Boston, Mass., for Spire.

T.H. Mayer Cornell, Berwyn, Pa., trustee.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court for consideration are motions for: *(1)* dismissal of third party complaints; *(2)* reconsideration of this court's November 20, 1991 order; *(3)* an entry of a default judgment.

The court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b). A brief description of the parties, the procedural history and recitation of the relevant facts follows.

### A. PARTIES

*1.* Fred K. Honigman ("debtor") is a citizen of the Commonwealth of Pennsylvania domiciled in Valley Forge. Debtor, an exporter, was the "go between" for Exide Corporation and Venergia, C.A.

*2.* Venergia, C.A. ("Venergia") is a corporation organized under the laws of the Republic of Venezuela with its principal place of business in Venezuela.

*3.* Mitchell Moses ("Moses") is a citizen of the United States of America presently domiciled in the Republic of Venezuela. Moses is the general manager of Venergia and the husband of Venezla Rondon.

*4.* Venezla Rondon ("Rondon") is a citizen of the Republic of Venezuela and is domiciled therein. Rondon is the president of Venergia and the wife of Moses.

*5.* Spire Corporation ("Spire") is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Bedford, Massachusetts.

*6.* Exide Corporation ("Exide") is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Reading, Pennsylvania.

### B. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The debtor filed this voluntary chapter 7 bankruptcy petition on December 12, 1990. On March 28, 1991, Venergia filed a complaint pursuant to 11 U.S.C. § 523(a)(2)(A) to determine the dischargeability of approximately 37 million dollars owed to Venergia by the debtor. On May 6, 1991, debtor filed an answer to Venergia's complaint as well as a third party complaint against both Moses and Rondon.[1] The original

---

**1.** Debtor also filed a third party complaint against both Spire and Exide on May 13, 1991.

Both Spire and Exide have filed answers and affirmative defenses to debtor's complaint on

summons was issued on May 8, 1991. The original trial was scheduled on October 9, 1991, at 2:00 o'clock, P.M., but never occurred. Service of the initial summons and the complaint was attempted numerous times upon both Moses and Rondon, and, in the court's view, as discussed, *infra*, was properly effectuated as to both Moses and Rondon. Additionally, debtor properly effectuated the service of his answer and affirmative defenses upon Venergia.

On October 15, 1991, debtor filed motions for: *(1)* an entry of default, as to Rondon, for want of an answer or other defenses, and *(2)* an order authorizing service upon Moses' attorney.

### C. DISCUSSION

#### (1) *Debtor's Motion for Entry of Default Versus Venezla Rondon*

Rondon's legal strategy in the instant litigation is analogous to a carnival shell game: just when one thinks one knows where Rondon is, the shell is lifted and Rondon "disappears." Unfortunately for Rondon, the court is all too familiar with the shell game and knows exactly under which shell Rondon lies.

■ Service of process should be "reasonably calculated" to insure that notification is afforded to a party whose legal interests may be affected in a pending judicial proceeding so that the individual may defend such interests. *See generally, Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Stateside Machinery Co., Ltd. v. Alperin*, 591 F.2d 234 (3rd Cir.1979).

The debtor attempted to serve Rondon not only at the offices of her American agent, Duane, Morris & Heckscher, One Liberty Place, Philadelphia, PA 19103, but at her home in Caracas, Venezuela. The debtor is apparently an astute math student as he did more than "reasonably calculate" as the court finds that, for the reasons, *infra*, the debtor arrived at a "sum certain" as to the service of Rondon.

■ Rondon filed a proof of claim, in Bankruptcy Case No. 90–23278T, on April 22, 1991. The instant action, Adversary Case Number 91–2133, stems from and is related to the main bankruptcy case. The proof of claim, in relevant part provides:

"... 1. [if claim is made by agent]

The undersigned, who has an office at Duane, Morris & Heckscher [,] One Liberty Place, Phila., PA 19103, is the agent of Venezla Rondon of Caracas, Venezuela ..."

We find that Duane, Morris & Heckscher ("Duane") has represented and continues to represent, Rondon in the "main" bankruptcy case and in this adversary action even as she has attempted to skirt service of process.[2]

We conclude, therefore, that Duane, as Rondon's agent in the main bankruptcy case did receive effective service of debtor's third party complaint and summons pursuant to Bankruptcy Rule ("B.R.") 7004(b)(8).[3]

May 28, 1991, and June 10, 1991, respectively. The instant motions before the court involve neither Spire nor Exide.

**2.** *See, Maldonado v. Ramirez*, 757 F.2d 48 (3rd Cir.1985) (generally, an attorney's representation of a party in one action does not make the attorney an agent for the party in an unrelated case; however, where the attorney had been representing the party in enforcing a claim against a debtor, notice sent to the attorney, in a related matter, may be imputed to the party.); *Matter of Fulton*, 3 B.R. 600 (Bankr.E.D.Mich., 1980) (neither an attorney nor a law firm is authorized to accept service on behalf of a client in any given case merely because the attorney or law firm represents a client in completely unrelated litigation; however, if the attorney or

law firm represents a client in an action affected by a bankruptcy, the attorney or law firm is impliedly authorized to represent a client in a bankruptcy proceeding and, therefore, notice to the attorney or law form of matters relating to the bankruptcy proceeding constitutes notice to the client even though the attorney or law firm was not expressly retained to represent the client in such proceeding.)

**3.** On May 24, 1991, service of the complaint and summons was attempted at the Rondon residence in Caracas, Venezuela with copies of the complaint and summons forwarded to Mark J. Packel, Esquire, of Duane, Morris & Heckscher. A certificate of service was included in Debtor's motion for entry of default filed on October 15, 1991.

■ Rondon has further maintained that service was ineffective pursuant to B.R. 7004(f) as the summons was issued on May 8, 1991, but not deposited in the mail until May 24, 1991. (Service of Summons and complaint must be deposited in the mail within 10 days of issuance, otherwise summons must be reissued.) The court, however, finds Rondon's reliance on B.R. 7004(f) to be misplaced and finds debtor's service of Rondon to be proper pursuant to B.R. 7004(b)(8). B.R. 7004(b) incorporates Federal Rule of Civil Procedure ("Fed. R.Civ.P.") 4(c)(2)(C)(i) which provides, in relevant part,

"A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subsection (d) (relating to, *inter alia,* agents) of this rule—pursuant to the law of the state ..."

Pennsylvania Rule of Civil Procedure ("Pa.R.Civ.P.") 401(a) provides, in relevant part:

"Original process shall be served within the Commonwealth within thirty [30] days after the issuance of the writ of the filing of the complaint."

The court finds that, pursuant to the rules, *supra,* Rondon, through Duane, was effectively served with debtor's third party complaint. Rather than defend on the merits of the complaint, she has instead opted to maintain the legally untenable position that service was not effected. We conclude that Rondon has been properly served. Rondon is now directed to file an answer to the debtor's third party complaint within twenty (20) days of the docketing of this opinion and the accompanying order. Furthermore, we deny without prejudice, debtor's motion for entry of a default judgment against Rondon.

(2) *Service of Process on Mitchell Moses*

Unlike Rondon, Moses did not specifically appoint an agent within the jurisdiction of the court; to that end, debtor's attempts to serve Moses were unsuccessful. Debtor, then, motioned the court for leave to serve Moses pursuant to B.R. 7004(a). (B.R. 7004 incorporates F.R.Civ.P. 4(i)(1)(E)—alternative provision for service in a foreign country). On November 20, 1991, we granted debtor's motion and ordered debtor to effect service on Duane; service was accomplished by first class mail on November 27, 1991. Moses, by a motion filed on December 23, 1991, seeks reconsideration of the court's November 20, 1991, order pursuant to B.R. 7004(f), B.R. 9014, Local B.R. ("L.B.R.") 9014.-1(b)(2) and Fed.R.Civ.P. 4(i) or, in the alternative, dismissal of the third party complaint pursuant to Fed.R.Civ.P. 4(j) and Fed.R.Civ.P. 12(b)(2, 5, 6), respectively.

(a) *Motion for Reconsideration*

■ B.R. 7004(f) (summons: time limit for service) in relevant part provides.

"If service is made pursuant to Fed. R.Civ.P. 4(d)(1–6) ... by any form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served."

Moses' memorandum discussing the legal underpinnings of B.R. 7004(f), although accurate, is misdirected. Debtor did not rely on Fed.R.Civ.P. 4(d)(1–6), rather, debtor's service of Duane was effected pursuant to B.R. 7004(a) and Fed.R.Civ.P. 4(i)(1)(E). Even assuming, *arguendo,* debtor's service was made exclusively pursuant to B.R. 7004(f), Moses argument for reconsideration is still untenable since an amended summons, dated November 20, 1991, and a complaint were deposited in the mail on November 27, 1991, pursuant to this court's November 20, 1991, order.[4]

---

**4.** Although the original complaint was filed on May 6, 1991, the court finds that the debtor exercised diligence in his attempts to serve Moses. Debtor's diligence constitutes "good cause" for Fed.R.Civ.P. 4(j) purposes such that the court will permit service of the complaint and summons in spite of the passage of 120 days. Further, Fed.R.Civ.P. 4(j) provides "This subdivision shall not apply to service in a foreign country pursuant to Fed.R.Civ.P. 4(i) ]." Although Moses was not specifically served in Venezuela, service of Moses, as a foreign domiciliary, was effectuated through Fed.R.Civ.P. 4(i); therefore, the 120 day limitation would be inapplicable.

B.R. 9014 (contested matters) in relevant part provides "... relief shall be requested by motion ..." The debtor was not seeking such relief; rather, the debtor was attempting to serve, pursuant to a court order, an otherwise unservable defendant. To that end, debtor is not required to undertake normal motion practice, i.e., service of motion and subsequent notice and hearing on same.

Further, debtor utilized Fed.R.Civ.P. 4(i)(1)(E)—Service of a summons pursuant to specifics of a court order. Since the order did not provide for motion practice, debtor was not obligated to institute same. Moses' B.R. 9014 motion for reconsideration is without merit.

As the court has found Moses' motion for reconsideration, pursuant to B.R. 9014, to be without merit, it follows that his motion for reconsideration, pursuant to L.B.R. 9014.1(b)(2), is likewise, without merit.

Finally, Moses posits that we may reconsider the November 20, 1991 order pursuant to Fed.R.Civ.P. 4(i). Moses' analysis, contained in his "reconsideration memorandum," is flawed.

The debtor sought and received permission, pursuant to an order dated November 20, 1991, to serve Duane in accord with B.R. 7004(a) and Fed.R.Civ.P. 4(i)(1)(E). On same date, Moses was a party defendant in *Exide Corporation v. Venergia, C.A., Rondon, Moses, Honigman, et al.,* Civil Action Number 90–0590, a suit being litigated in United States District Court for the Eastern District of Pennsylvania. Moses was, and continues to be, represented by Duane. Pursuant to *Maldonado* and *Fulton, supra,* and in light of Duane's related and continuing representation of Moses, the court properly directed debtor to serve Moses through his attorney pursuant to Fed.R.Civ.P. 4(i)(1)(E) especially as Moses was domiciled abroad and otherwise unservable.

Following careful reconsideration of our November 20, 1991 order, we reaffirm same without amendment.

(b) *Motion to Dismiss*

The court held, at footnote 4, *supra,* "good cause," as contemplated by Fed. R.Civ.P. 4(j), existed so as to preclude the dismissal of debtor's third party complaint although same was not served within 120 days of its issuance. Additionally, F.R.Civ.P. 4(j) further indicates that if service is attempted pursuant to Fed.R.Civ.P. 4(i), as it was instantly, the 120 day limit is inapplicable. In light of the above, we will not dismiss the debtor's third party complaint on Fed.R.Civ.P. 4(j) grounds.

Moses further posits that Fed.R.Civ.P. 12(b)(2, 5, 6), respectively, provide grounds for dismissal of the debtor's complaint. The court disagrees for the reasons set out, *infra:*

Initially, Fed.R.Civ.P. 12(b)(2) provides that a federal court sitting in a diversity action must apply the substantive law of the forum state. Pennsylvania law, specifically 42 Pa.C.S.A. § 5322(b) ("long arm statute") authorizes a court to exercise its jurisdiction over an individual

"... to the fullest extent allowed under the Constitution of the United States and [that jurisdiction] may be based on the most minimum contact with this Commonwealth under the Constitution of the United States."

The Pennsylvania statute is coextensive with the scope of personal jurisdiction as is permitted by the XIV Amendment, due process clause, of the Constitution. The Supreme Court of the United States has mandated that personal jurisdiction is constitutionally permissible so long as *(1)* "minimum contacts" exist between a defendant and the forum state and *(2)* the defendant's conduct and connection with the forum state are of such a nature that the individual "should reasonably anticipate being hauled into court there." *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Given the Constitutional standards, *supra,* Pennsylvania courts have adopted the following three prong analysis for de-

termining the existence of personal jurisdiction:

*1.* The defendant must have purposefully availed itself of the privilege of acting within Pennsylvania thus invoking the benefits and protections of Pennsylvania's laws;

*2.* The cause of action must arise from defendant's activities within Pennsylvania; and

*3.* The acts of the defendant must have a substantial enough connection with Pennsylvania to make the exercise of personal jurisdiction reasonable. *Procter & Schwartz v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11 (1974). *See generally, PPG Industries v. Systonetics, Inc.,* 614 F.Supp. 1161 (D.C.Pa.1985); *Rees v. Mosiac Technologies,* 742 F.2d 765 (3rd Cir.1984).

■ In applying the *Procter* test, the court finds that it has personal jurisdiction of Moses as: *(1)* Moses, between 1982 and 1989 made numerous trips to Pennsylvania to negotiate with Exide and the debtor and in doing so *(2)* entered into agreements and contracts, on both his and Venergia's behalf, with, *inter alia,* the debtor and Exide, and *(3)* same contracts resulted in monetary obligations, presently the subject of this litigation, in excess of 37 million dollars. Accordingly, all conditions precedent to personal jurisdiction over Moses have been satisfied.

Further, The Honorable Franklin S. Van Antwerpen, Circuit Judge, by order dated June 27, 1990, held, as to the identical issues instantly before this court, that the district court had jurisdiction over the person of Moses.[5] In light of the above, Moses' Fed.R.Civ.P. 12(b)(2) motion is without merit.

Secondly, in light of the court's discussion and holdings, *supra,* as to service of process, Moses' Fed.R.Civ.P. 12(b)(5) motion is without merit.

Lastly, Moses has moved for dismissal of the third party complaint under Fed. R.Civ.P. 12(b)(6). The court is constrained,

in a review of a Fed.R.Civ.P. 12(b)(6) motion, to *(1)* accept all of the uncontroverted allegations of the complaint as true, and *(2)* then determine whether the plaintiff could prevail if the facts, alleged in his complaint, were borne out at a trial on the merits. [citations omitted] *Mahone v. Waddle,* 564 F.2d 1018 (3rd Cir.1977), *cert. denied,* 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1977).

The court, after a review of both debtor's third party complaint and Moses' answer, is of the belief that, at a trial on the merits, debtor could prevail as to his allegations of scheming, fraud and intent to defraud. Therefore, we deny Moses' Fed.R.Civ.P. 12(b)(6) motion as having no merit.

An appropriate order follows.

### ORDER

AND NOW, this 9th day of June, 1992, it is ORDERED that:

*(1)* Mitchell Moses' motions for reconsideration of the November 20, 1991, order, pursuant to B.R. 7004(f), B.R. 9014, L.B.R. 9014.1(b)(2) and Fed.R.Civ.P. 4(i), or in the alternative, dismissal of the third party complaint, pursuant to Fed.R.Civ.P. 4(j) and Fed.R.Civ.P. 12(b)(2, 5, 6), respectively, are DENIED AND DISMISSED WITH PREJUDICE;

*(2)* Debtor's motion for an entry of default, as to Rondon, is DISMISSED without prejudice.

*(3)* Venezla Rondon has been properly served, and is ordered to file an answer to debtor's third party complaint within twenty (20) days of the docketing of this order and opinion;

*(4)* Absent a timely response by Rondon to debtor's third party complaint, debtor is ordered to certify same to the court, pursuant to B.R. 7055 and Fed.R.Civ.P. 55;

*(5)* Mitchell Moses, Venezla Rondon, Fred K. Honigman and Venergia have all been properly served in the instant manner.

*(6)* This court has jurisdiction over the person of Mitchell Moses, Venezla Rondon,

---

5. The court views Judge Van Antwerpen's order, in Civil Action 90–0596 action, as compelling precedent on the instant personal jurisdiction issue relating to Moses.

and Fred K. Honigman as well as Venergia;

*(7)* The parties, within twenty (20) days after filing of Rondon's answer, shall contact Ms. Barbara Spinka, the Courtroom Deputy, advising her as to the estimate of total time required for trial of the merits of the within action.