United States Bankruptcy Appellate Panel

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-6026MNMI

_____

In re:                                      *
                                            *
Kenneth L. Kasden,                          *
                                            *
            Debtor.                         *
                                            *
                                            *   Appeal from the United States
Thomas F. Miller,                           *   Bankruptcy  Court  for  the
                                            *   District of Minnesota
            Plaintiff-Appellee,             *
      v.                                    *
                                            *
Kenneth L. Kasden,                          *
                                            *
            Defendant-Appellant.   *


                          _____

                Submitted: May 16, 1997

                 Filed:  June 11, 1997
                          _____

Before HILL, KOGER and SCOTT, Bankruptcy Judges

                          _____

HILL, Bankruptcy Judge


     The Debtor, Kenneth L. Kasden, appeals pro se from a default judgment
entered by the bankruptcy court for the District of Minnesota, holding the
Chapter 7 bankruptcy estate to be the owner of certain personal property.[1]
We remand for further proceedings.


_____

     [1]The Honorable Robert J. Kressel, United States Bankruptcy Judge,
District of Minnesota.

1.

As part of the Debtor's Chapter 7 estate, the trustee, Thomas F. Miller, came into possession and control of real property located at 5521 Grove Street. Located on the premises was a Corvette automobile along with various other unidentified items of personal property. In preparing the real property for sale the trustee, in an exchange of correspondence with the Debtor, asked him to remove the Corvette and any remaining personal property advising him that failing to do so, the trustee would remove it and charge him for any fees and expenses incurred. Nothing happened and the trustee had the personal property removed as part of the real estate closing. Thereafter, the trustee, by letter, advised the Debtor of the removal and asked him to prove ownership of any of the items to which he claimed ownership. The letter indicated that if there was no response or no proof of ownership, the property would be disposed of for the benefit of the Chapter 7 estate. In an oblique letter in reply, the Debtor charged the trustee with an unlawful usurpation of his property and characterized the request for proof of ownership as being absurd.

By Complaint filed January 15, 1997, the trustee, noting that the Debtor had refused to identify his personal property, sought a determination by the bankruptcy court that the personal property removed from the premises was indeed property belonging to the Chapter 7 estate. He further asked, in the event the court determined the estate to have no interest in the personal property, that the Debtor be required to pay the costs and fees associated with its removal and storage.

Service of the Summons and Complaint was properly made on the Debtor by mail. The Debtor failed to answer or appear. On February 25, 1997, the trustee applied for entry of a default judgment asking the court to find the bankruptcy estate to be the

2

owner of the personal property in question. Without hearing, the bankruptcy court, on February 25, 1997, made its findings of fact and conclusions of law, granting the trustee judgment as prayed for. The findings of fact substantially repeat the Complaint allegations including the following statements:

16. Kenneth Kasden has refused to identify which personal property, if any, in the possession of the trustee that he claims as his property.

17. In this adversary proceeding, the trustee seeks a determination by the court that the bankruptcy estate is the owner of the personal property removed from the Property.

2.

Entry of a default judgment under Rule 55 Fed. R. Civ. P. (made applicable to adversary proceedings by Rule 55 Fed. R. Civ. P.) while committed to the sound discretion of the trial court is not favored by the courts and should be entered only in extreme cases. Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993); Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977). On appeal our review is simply whether the bankruptcy court abused its discretion in entering default judgment. United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). The granting of a default judgment for failure to defend, as is the situation now before the court, is appropriate where the failure to comply with the time requirements is more than a marginal failure and where the nonresponding party's conduct includes "willful violations of court rules, contumacious conduct, or intentional delay." Harre, 983 F.2d at 130. See also Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 855 (8th Cir. 1996). However, a default judgment may not be entered on a complaint that fails to support the claim for relief and on appeal, a defaulted defendant may always challenge the legal sufficiency of the complaint allegations. Alan Neuman Productions, Inc. v. Albright, 862 F.2d

3

1388, 1392 (9th Cir. 1988).

> Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party, and those matters may not be re-litigated on appeal.  However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment.  On appeal the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment.

Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

The trustee's complaint asked the court to make a determination of property ownership but did not allege any facts tending to establish that ownership rested with the trustee as opposed to the Debtor, Kenneth L. Kasden.  Indeed, nothing in the record before us plainly indicates who, in fact, was the owner of the items in question, whether it was the Debtor or perhaps some third party for whom he was holding them.  The fact of ownership was left unpleaded and was not established by any information produced in the affidavit in support of the requested default which itself merely parrots the complaint allegations.

Although courts are not required to make findings of fact or conclusions of law when ruling on motions, and the Eighth Circuit has not articulated specific factors that must be considered in determining whether a motion for default judgment for failure to defend should be granted (see Ackra, supra at 856), at a minimum a court ought to consider the sufficiency of the complaint.  Inasmuch as default judgments are disfavored, courts have an independent duty to determine the sufficiency of a claim as provided by Rule 55(b)(2), to wit:

> If, in order to enable the court to enter judgment . . . it is necessary to establish the truth of any averment by

4

evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . .

Rule 55(b)(2) Fed. R. Civ. P.

Here we must conclude that the complaint on its face was insufficient to support a judgment finding the estate to be owner of the personal property to the exclusion of the Debtor.

We do not hold that default judgment is inappropriate in this case but do hold that the default judgment must be entered upon facts clearly pleaded or otherwise established tending to prove the trustee is entitled to the relief granted. For this reason the case is REMANDED to the bankruptcy court for further findings as may be appropriate under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT