# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

―――――

No. 00-6023EM

―――――

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Joyce A. Washington, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| American General Finance, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| v. | * | Eastern District of Missouri |
| | * | |
| Joyce A. Washington, | * | |
| | * | |
| Defendant-Appellant. | * | |

―――――

Submitted: May 4, 2000
Filed: May 23, 2000

―――――

Before KOGER, Chief Judge, KRESSEL, and WILLIAM A. HILL, Bankruptcy Judges.

―――――

KRESSEL, Bankruptcy Judge.

American General Finance filed an adversary proceeding against the debtor, Joyce A. Washington, under 11 U.S.C. § 523(a)(2)(A) to determine the dischargeability of a debt. On motion of the plaintiff, the bankruptcy court[1] entered a default judgment against Washington, from which she appeals. Because the bankruptcy court did not abuse its discretion, we affirm.

―――――――――――――

[1] The Honorable David P. McDonald, United States Bankruptcy Judge for the Eastern District of Missouri.

BACKGROUND

Washington filed her voluntary Chapter 7 bankruptcy petition on October 26, 1999. AGF filed its complaint against Washington on January 4, 2000. In its complaint, AGF asserted that when Washington presented AGF with a check in the amount of $501.46 to obtain a release of a deed of trust securing a debt to AGF, she knew that the payment would not be honored by her bank due to insufficient funds. AGF argued that the $501.46 debt is nondischargeable and requested judgment in that amount plus interest and costs of $406.42.

The summons and a trial order were issued on January 13, 2000. The summons, the trial order setting trial for March 6 at 10:00 a.m., the complaint, a motion to amend complaint, and the amended complaint were all served on Washington on January 24, 2000. Washington did not answer or otherwise respond to the complaint within thirty days as required by the summons or thereafter.

AGF filed a motion for default judgment on February 28, 2000. The hearing on the motion was also set for March 6, 2000, at 10:00 a.m., and notice of the hearing was served on Washington by mail on the 25th of February, 2000. Washington did respond to AGF's motion.

The trial and the hearing on AGF's motion was held as scheduled on March 6, 2000. Washington did not appear. A default judgment against Washington, dated March 6, 2000, was entered on March 9, 2000. Washington filed her notice of appeal on March 14, 2000.

DISCUSSION

We review the bankruptcy court's entry of default judgment for an abuse of discretion. See United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993); Miller v. Kasden (In re Kasden), 209 B.R. 236, 238 (B.A.P. 8th Cir. 1997).

AGF's complaint alleged facts that were sufficient to make out a claim under § 523(a)(2)(A). Washington failed to file an answer, thereby failing to deny any of the factual allegations which are therefore deemed to be admitted pursuant to Fed. R. Bankr. P. 7008(a), which incorporates Fed. R. Civ. P. 8(d). In addition, as part of its motion for default judgment, AGF filed an affidavit which also contained sufficient facts to make out a claim under § 523(a)(2)(A). Once again, Washington did not respond, did not appear, and did not present any facts to contradict AGF's affidavit.

Thus, it can hardly be said that the bankruptcy court abused its discretion in entering a default judgment in favor of AGF.  It had a sufficient factual and legal basis for its judgment.

In her submissions on appeal, Washington attempts to present, for the first time, facts which would perhaps create a factual issue regarding the elements under § 523(a)(2) or would, under the proper circumstances, create grounds for relief from the default judgment.

Clearly, we cannot consider factual allegations made on appeal and not a part of the record before the bankruptcy court nor are we in a position to grant relief from the default judgment based on the facts, also raised for the first time on appeal, purporting to explain the defendant's reasons for not answering the complaint, the motion, or appearing at trial.

## CONCLUSION

Because the bankruptcy court's decision was amply supported in the record by the facts and the law, the judgment of the bankruptcy court is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.