In re Gary and Pamela
PRICE, Debtors.

Gary L. Price and Pamela
J. Price, Plaintiffs,

v.

America's Servicing Company,
Defendant.

Bankruptcy No. 3:06–BK–15813.
Adversary No. 3:07–ap–01184.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Oct. 23, 2007.

Bart Ziegenhorn, Attorney at Law, West Memphis, AR, for Debtor/Joint Debtor.

## ENTRY OF DEFAULT AND NOTICE OF OPPORTUNITY TO RESPOND TO MOTION FOR DEFAULT JUDGMENT

AUDREY R. EVANS, Bankruptcy Judge. .

Now before the Court is Plaintiffs Gary L. Price and Pamela J. Price's (the "Debtors") *Amended Motion for Entry of a Default Judgment and Motion for Hearing to Determine Damages*[1] ("**Motion for Entry of Default**") filed by Joel Hargis ("**Hargis**"), Debtors' attorney, on July 13, 2007, and America's Servicing Company's ("**ASC**") *Amended Objection to Amended Motion for Default Judgment* ("**Objection**") filed by Hilary Bonial ("**Bonial**"), attorney for ASC, on July 15, 2007. A hearing was held on August 9, 2007, where Hargis appeared on behalf of the Debtors, and Kimberly Burnette appeared on behalf of ASC. Both parties presented arguments and the matter was taken under advisement. After the hearing, while the Motion for Entry of Default was under advisement, Bonial filed an *Answer to Complaint Against America's Servicing Company* and Hargis filed a *Motion to Strike Answer.*

## FINDINGS OF FACT

The court makes the following findings of fact:

1. Although Plaintiffs moved for default judgment, the Court treats their motion as a Motion for Entry of Default because the clerk must enter a party's default pursuant to Fed. R. Bankr.P. 7055(a) before the Court may award default judgment pursuant to Fed. R. Bankr.P. 7055(b). Once default has been entered, the Court will entertain a motion for default judgment, and after reviewing the motion for default judgment and underlying complaint, the Court will determine whether a hearing is necessary to enable the Court to enter judgment as provided in Fed. R. Bankr.P. 7055(b). Default judgment may not be entered on a complaint that fails to support the claim for relief; therefore, the Court must review the underlying complaint to determine if the necessary facts to support a claim for relief have been pled. *See Miller v. Kasden (In re Kasden),* 209 B.R. 236 (8th Cir. BAP 1997). If the relief sought is properly pled, the Court will enter the proposed order, and no hearing will be held.

(1) On December 18, 2006, the Debtors filed Chapter 13 Voluntary Petition and Schedules.

(2) On December 22, 2006, Bonial filed a *Request for Service of Notice* (**"Request for Service"**) in the Debtors' case in chief, which stated that "Brice, Vander Linden & Wernick, P.C. has been engaged by the creditor identified below to serve as its **authorized agent** in this matter: America's Servicing Company, and its successors and/or assigns." The Request for Service, was signed by Bonial and stated that she should be served "a copy of each notice of **any proceeding**, hearing and/or report in this matter [.]" (Emphasis added). The mailing address given was: Box 829009, Dallas, Texas 75382–9009. The signature block over which Bonial signed, showed her street address to be 9441 LBJ Freeway, Suite 350, Dallas, Texas 75243. The last line of the signature block stated: **"Authorized Agent for America's Servicing Company."** (Emphasis added).

(3) On January 31, 2007, Bonial filed a *Proof of Claim* on behalf of ASC in the Debtors' case in chief, which she signed "as Creditor's **Authorized Agent.**" (Emphasis added).

(4) On June 12, 2007, the Debtors filed a *Complaint Seeking Damages in a Core Adversary Proceeding* (**"Complaint"**), initiating the above-captioned adversary proceeding.

(5) On June 12, 2007, the Court issued the summons. The docket indicates an Answer to the Complaint was due on July 12, 2007.

(6) On July 13, 2007, Hargis filed a Certificate of Service certifying that service of summons and a copy of the complaint were made June 21, 2007, by mail service.

(7) On July 13, 2007, the Debtors filed the Motion for Entry of Default.

(8) On July 15, 2007, Bonial, on behalf of ASC, filed an Objection to the Motion for Entry of Default.

(9) On July 16, 2007, the Court set the Motion for Entry of Default and Objection for hearing on August 9, 2007, in Jonesboro, Arkansas.

(10) On July 18, 2007, Hargis filed the *Affidavit of Service* of Ms. Tonoka Batts (paralegal to Hargis), which states:

> (3) Upon issuance of the summons for this adversary proceeding, Mr. Hargis and I began searching for the proper entity upon which to serve the summons and complaint. We could find no state of incorporation or registered agent upon which to serve the same. Additionally, America's Service Company's (hereinafter referred to as "ASC") website was, at the time, inaccessible.
>
> . . .
>
> (5) On June 21, 2007, I mailed, by certified mail return receipt, a copy of the summons and complaint to America's Servicing Co., Hilary Bonial, 9441 LBF Freeway, Ste 350 Dallas, TX 75243. (Footnote: While the correct address is "LBJ Freeway," I mistakenly listed the address as "LBF Freeway." While I admit to the typographical error, as evidenced by the return receipt, the parcel was received by the law firm of Brice, Vander Linden & Wernick, P.C.) The same was delivered on June 22, 2007. (Attached hereto as Affiant's Exhibit "A" is a copy of the receipt, post card notice of delivery, and a print out of the United States Postal Service Track & Confirm statement that indicates the date of delivery).
>
> (6) Additionally, on that same day, I mailed, by delivery confirmation, a copy of the summons and complaint to P.O. Box 829009, Dallas, Texas 75382–9009, as indicated on Mrs. Bonial's Request for Service of Notice filed with this

Court on December 22, 2006. (Attached hereto as Affiant's Exhibit "B" is a copy of the Request for Service of Notice filed by Hilary Bonial). Said Request for Service states in pertinent part, "You are requested to serve a copy of each notice of any proceeding, hearing and/or report in this matter ... upon the undersigned at the address indicated below." (Attached hereto as Affiant's Exhibit "C" is a copy of the delivery confirmation receipt and a print out of the United States Postal Service Track & Confirm statement that indicates the date of delivery).

(7) Additionally, on that same day, I mailed, by delivery confirmation, a copy of the summons and complaint to ASC at P.O. Box 10328, Des Moines, Iowa 50306. This address for ASC is listed on the Court's BNC notification service's Certificate of Service that accompanied the December 21, 2006, Notice of Chapter 13 Bankruptcy Case, Meeting of Creditor, & Deadlines. (Attached hereto as Affiant's Exhibit "D" is a copy of the delivery confirmation receipt and a print out of the United States Postal Service Track & Confirm statement that indicates the date of delivery).

(11) No evidence was presented to put Batts' affidavit in issue and all statements contained in it are accepted as facts.

(12) On August 7, 2007, Bonial filed a *Motion for Admission Pro Hac Vice* on behalf of Tyler Jones (Attorney at Brice, Vander Linder & Wernick, P.C.) to represent ASC at the hearing on August 9, 2007, in Jonesboro, Arkansas, in the Adversary Proceeding.

(13) On August 9, 2007, a hearing was held in Jonesboro, Arkansas on the Motion for Entry of Default and the Objection. Hargis appeared on behalf of the Debtors, and Kimberly Burnette appeared on behalf of ASC. In lieu of formally accepting filed and docketed documents into evidence, the Court took judicial notice of all pleadings filed in this Court.

(14) After the conclusion of the hearing, but while the matter was under advisement, Bonial filed an *Answer to Complaint Against America's Servicing Company* on September 13, 2007.

(15) On September 19, 2007, Hargis filed a *Motion to Strike Answer*.

(16) On October 11, 2007, ASC filed a *Response to Plaintiffs' Motion to Strike Answer*.

## ANALYSIS

The Debtors argue that proper service was made upon Bonial, as provided by Fed. R. of Bankr.P. 7004(b)(8) and (h)(1), as attorney and authorized agent of ASC and that ASC's failure to file an Answer or responsive pleading by July 12, 2007, entitles the Debtors to an entry of a default judgment against ASC. ASC asserts that Bonial was not authorized to receive notice in the adversary proceeding at the time the Debtors served the summons and Complaint because the Request for Service of Notice filed in the underlying bankruptcy case was for the bankruptcy case only, and the authority to receive notice on behalf of ASC did not extend beyond the underlying bankruptcy case. Additionally, ASC argues that Debtors should have followed the requirements for service set forth in Rule 7004(b)(3) rather than the requirements for service set forth in Rule 7004(b)(8).

### Is Bonial An Agent?

■ The issue before this Court is whether ASC was properly served. In resolving this issue, the Court must determine whether Bonial is an agent authorized to receive service of process on behalf of ASC. "An agent's authority to accept process on [a] corporation's behalf may be

implicit or explicit." *Reisman v. First New York Bank For Business (In re Reisman)*, 139 B.R. 797, 800 (Bankr.S.D.N.Y. 1992) (internal citations omitted).

■ The court in *In re Ms. Interpret* found that the creditor expressly authorized the law firm as its agent for service of process by signing its proof of claim through its counsel. *See Ms. Interpret v. Rawe Druck–und–Veredlungs–GmbH (In re Ms. Interpret)*, 222 B.R. 409, 415 (Bankr.S.D.N.Y.1998). ASC authorized Bonial to file a Proof of Claim as "Creditor's Authorized Agent." *See Proof of Claim filed by ASC on January 31, 2007.* Additionally, the Request for Service filed by Bonial asks that Debtors "serve a copy of each notice of *any proceeding,* hearing, and/or report *in this matter"* on Bonial, and the signature block of this pleading states **"Authorized Agent for America's Servicing Corporation."** (Emphasis added). An adversary proceeding is a proceeding stemming from and related to the main bankruptcy case. *See In re Honigman,* 141 B.R. 69, 72 (Bankr.E.D.Pa.1992). As such, Bonial's Request for Service expressly authorized her as an agent to receive process for ASC.

### Did Service on Bonial Satisfy Rule 7004(b)(3) As Well As Rule 7004(b)(8)?

■ Rules 7004(b)(3) and (b)(8) are the rules regarding service of process as applied here. Rule 7004(b) provides service may be made by mail as follows, in part:

(3) *Upon a domestic* or foreign *corporation* or upon a partnership or other unincorporated association, by **mailing a copy of the summons and complaint to the attention of** an officer, a managing or general agent, or to *any other*

*agent authorized by appointment or by law to receive service of process* and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

. . .

(8) *Upon any defendant,* it is also sufficient if **a copy of the summons and complaint is mailed** *to an agent of such defendant authorized by appointment or by law to receive service of process,* at the agent's dwelling house or usual place of abode or at the place where the agent regularly carries on a business or profession and, if the authorization so requires, by mailing also a copy of the summons and complaint to the defendant as provided in this subdivision.

(Emphasis added). These rules are very similar in that they provide that service may be made on a corporation by mailing a copy of the summons and complaint to an "agent authorized by appointment" to receive service of process. Here, Bonial is an agent explicitly authorized to receive process on behalf of ASC, as previously explained, and as such, she is an agent authorized to receive service under Rules 7004(b)(3) and (b)(8). Debtors served ASC by mailing the summons and complaint to the attention of Bonial at Bonial's street address; another summons and complaint was mailed to P.O. Box 829009, Dallas, Texas 75382–9009, the address indicated on Bonial's Request for Service.[2] Additionally, a summons and complaint was mailed to ASC at P.O. Box 10329, Des Moines, Iowa 50306.

Because this Court finds that service of the summons and Complaint was proper

---

**2.** It is of no consequence that there was a typographical error in the address because the post card notice of delivery from the United States Postal Service indicates that Bonial's firm received the parcel.

under the Federal Rules of Bankruptcy Procedure and because ASC failed to properly respond in the manner and time permitted under these rules, it is hereby

**ORDERED** that default is hereby entered against the Defendant, ASC, pursuant to Federal Rule of Bankruptcy Procedure 7055(b). It is further

**ORDERED** that if the Defendant, ASC, does not file a response to this Entry of Default within fifteen (15) days from its entry, the Court, after reviewing the underlying complaint and Debtors' Motion for Default Judgment previously filed, will determine whether a hearing is necessary to enable the Court to enter judgment as provided in Federal Rule of Bankruptcy Procedure 7055(b)(2). If a substantive response is filed by ASC alleging good cause for setting aside the entry of default, the Court will set the matter for hearing.[3]

**IT IS SO ORDERED.**

---

**3.** The Court will consider Debtor's attorney's request for fees incurred in either of these possible future events.