### In re Fred K. HONIGMAN, Debtor.

### Venezla RONDON, Plaintiff,

### v.

### Fred K. HONIGMAN, Defendant and Third Party Plaintiff,

### v.

### Mitchell MOSES, Third Party Defendant,

### and

### Venergia, C.A., Third Party Defendant.

Bankruptcy No. 90–23278T.
Adv. No. 91–2134.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 9, 1992.

Thomas W. Ostrander, Duane, Morris & Heckscher, Philadelphia, Pa., for Venergia, Moses and Rondon.

James G. Wiles, Stevens & Lee, Wayne, Pa., for Exide.

Carol Eisenberg, Philadelphia, Pa., and Mitchell B. Gerson, Groen, Laveson, Goldberg & Rubenstone, Bensalem, Pa., for debtor.

Laurence R. Kulig, Goldstein & Manello, Boston, Mass., for Spire.

T.H. Mayer Cornell, Berwyn, Pa., trustee.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court for consideration are motions for: *(1)* dismissal of third party complaints; *(2)* reconsideration of this court's October 24, 1991 order; *(3)* an entry of a default judgment.

The court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b). A brief description of the parties, the procedural history and recitation of the relevant facts follows.

### A. PARTIES

*1.* Fred K. Honigman ("debtor") is a citizen of the Commonwealth of Pennsylvania domiciled in Valley Forge. Debtor, an exporter, was the "go between" for Exide Corporation and Venergia, C.A.

*2.* Venergia, C.A. ("Venergia") is a corporation organized under the laws of the Republic of Venezuela with its principal place of business in Venezuela.

*3.* Mitchell Moses ("Moses") is a citizen of the United States of America presently domiciled in the Republic of Venezuela. Moses is the general manager of Venergia and the husband of Venezla Rondon.

*4.* Venezla Rondon ("Rondon") is a citizen of the Republic of Venezuela and is domiciled therein. Rondon is the president of Venergia and the wife of Moses.

*5.* Exide Corporation ("Exide") is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Reading, Pennsylvania.

### B. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The debtor filed this voluntary chapter 7 bankruptcy petition on December 12, 1990. On March 28, 1991, Rondon filed a complaint pursuant to 11 U.S.C. § 523(a)(2)(A) to determine the dischargeability of approximately 8 million dollars owed to Rondon by the debtor. On May 10, 1991, debtor filed an answer to Rondon's complaint as well as a third party complaint against

both Moses and Venergia.[1]  The original summons was issued on May 17, 1991. The original trial was scheduled on October 9, 1991, at 2:00 o'clock, P.M., but never occurred.  Service of the initial summons and the complaint was attempted numerous times upon both Moses and Venergia and, in the court's view, as discussed, *infra*, was properly effectuated as to both Moses and Venergia.  Additionally, debtor properly effectuated the service of his answer and affirmative defenses upon Rondon.

On October 15, 1991, debtor filed motions for: *(1)* an entry of default, as to Venergia, for want of an answer or other defenses, and *(2)* an order authorizing service upon Moses' attorney.

## C.  DISCUSSION

### (1) *Debtor's Motion for Entry of Default Versus Venergia, C.A.*

■ Service of process should be "reasonably calculated" to insure that notification is afforded to a party whose legal interests may be affected in a pending judicial proceeding so that the individual may defend such interests.  *See generally, Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Stateside Machinery Co., Ltd. v. Alperin*, 591 F.2d 234 (3rd Cir.1979).

■ The debtor attempted to serve Venergia at the offices of her American agent, Duane, Morris & Heckscher, One Liberty Place, Philadelphia, PA 19103.  The debtor is apparently an astute math student as he did more than "reasonably calculate" as

the court finds that, for the reasons, *infra*, the debtor arrived at a "sum certain" as to the service of Venergia.

Venergia filed a proof of claim, in Bankruptcy Case No. 90–23278T, on April 22, 1991.  The instant action, Adversary Case Number 91–2134, stems from and is related to the main bankruptcy case.  The proof of claim, in relevant part provides:

"... 1.  [if claim is made by agent]
The undersigned, who has an office at Duane, Morris & Heckscher [,] One Liberty Place, Phila., PA 19103, is the agent of Venergia, C.A. of Maracay, Venezuela ..."

We find that Duane, Morris & Heckscher ("Duane") has represented and continues to represent, Venergia in the "main" bankruptcy case and in this adversary action.[2]

We conclude, therefore, that Duane, as Venergia's agent in the main bankruptcy case did receive effective service of debtor's third party complaint and summons pursuant to Bankruptcy Rule ("B.R.") 7004(b)(3).[3]

■ Venergia has further maintained that service was ineffective pursuant to B.R. 7004(f) as the summons was issued on May 17, 1991, but not deposited in the mail until May 24, 1991.  (Service of Summons and complaint must be deposited in the mail within 10 days of issuance, otherwise summons must be reissued.)  The court, however, finds Venergia's reliance on B.R. 7004(f) to be misplaced and finds debtor's

**1.**  Debtor also filed a third party complaint against Exide on May 13, 1991.  Exide filed an answer and affirmative defenses to debtor's complaint on June 18, 1991.  The instant motions before the court do not involve Exide.

**2.**  *See, Maldonado v. Ramirez*, 757 F.2d 48 (3rd Cir.1985) (generally, an attorney's representation of a party in one action does not make the attorney an agent for the party in an unrelated case; however, where the attorney had been representing the party in enforcing a claim against a debtor, notice sent to the attorney, in a related matter, may be imputed to the party.); *Matter of Fulton*, 3 B.R. 600 (Bankr.E.D.Mich., 1980) (neither an attorney nor a law firm is authorized to accept service on behalf of a client in any given case merely because the attorney or law firm represents a client in completely

unrelated litigation; however, if the attorney or law firm represents a client in an action affected by a bankruptcy, the attorney or law firm is impliedly authorized to represent a client in a bankruptcy proceeding and, therefore, notice to the attorney or law form of matters relating to the bankruptcy proceeding constitutes notice to the client even though the attorney or law firm was not expressly retained to represent the client in such proceeding.)

**3.**  On May 24, 1991, service of the complaint and summons was attempted at the Rondon residence in Caracas, Venezuela with copies of the complaint and summons forwarded to Mark J. Packel, Esquire, of Duane, Morris & Heckscher, Venergia's American agent.  A certificate of service was included in Debtor's motion for entry of default filed on October 15, 1991.

service of Venergia to be proper pursuant to B.R. 7004(b)(3). B.R. 7004(b) incorporates Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 4(c)(2)(C)(i) which provides, in relevant part,

> "A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subsection (d) (relating to, *inter alia*, agents) of this rule—pursuant to the law of the state ..."

Pennsylvania Rule of Civil Procedure ("Pa.R.Civ.P.") 401(a) provides, in relevant part:

> "Original process shall be served within the Commonwealth within thirty [30] days after the issuance of the writ of the filing of the complaint."

The court finds that, pursuant to the rules, *supra*, Venergia, through Duane, was effectively served with debtor's third party complaint. Rather than defend on the merits of the complaint, Venergia has instead opted to maintain the legally untenable position that service was not effected. We conclude that Venergia has been properly served. Venergia is now directed to file an answer to the debtor's third party complaint within twenty (20) days of the docketing of this opinion and the accompanying order. Furthermore, we deny without prejudice, debtor's motion for entry of a default judgment against Venergia.

### (2) *Service of Process on Mitchell Moses*

Unlike Venergia, Moses did not specifically appoint an agent within the jurisdiction of the court; to that end, debtor's attempts to serve Moses were unsuccessful. Debtor, then, motioned the court for leave to serve Moses pursuant to B.R. 7004(a). (B.R. 7004 incorporates F.R.Civ.P. 4(i)(1)(E)—alternative provision for service in a foreign country). On October 24, 1991, we granted debtor's motion and ordered debtor to effect service on Duane; service was accomplished by first class mail on November 27, 1991. Moses, by a motion filed on December 13, 1991, seeks reconsideration of the court's October 24, 1991, order pursuant to B.R. 7004(f), B.R. 9014, Local B.R. ("L.B.R.") 9014.1(b)(2) and Fed. R.Civ.P. 4(i) or, in the alternative, dismissal of the third party complaint pursuant to Fed.R.Civ.P. 4(j) and Fed.R.Civ.P. 12(b)(2, 5, 6), respectively.

### (a) *Motion for Reconsideration*

Initially, B.R. 7004(f) (summons: time limit for service) in relevant part provides.

> "If service is made pursuant to Fed. R.Civ.P. 4(d)(1–6) ... by any form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served."

Moses' memorandum discussing the legal underpinnings of B.R. 7004(f), although accurate, is misdirected. Debtor did not rely on Fed.R.Civ.P. 4(d)(1–6), rather, debtor's service of Duane was effected pursuant to B.R. 7004(a) and Fed.R.Civ.P. 4(i)(1)(E).

■ Secondly, B.R. 9014 (contested matters) in relevant part provides "... relief shall be requested by motion ..." The debtor was not seeking such relief; rather, the debtor was attempting to serve, pursuant to a court order, an otherwise unservable defendant. To that end, debtor is not required to undertake normal motion practice, i.e., service of motion and subsequent notice and hearing on same.

Further, debtor utilized Fed.R.Civ.P. 4(i)(1)(E)—Service of a summons pursuant to specifics of a court order. Since the order did not provide for motion practice, debtor was not obligated to institute same. Moses' B.R. 9014 motion for reconsideration is without merit.

Thirdly, as the court has found Moses' motion for reconsideration, pursuant to B.R. 9014, to be without merit, it follows that his motion for reconsideration, pursuant to L.B.R. 9014.1(b)(2), is likewise, without merit.

Finally, Moses posits that we may reconsider the October 24, 1991 order pursuant to Fed.R.Civ.P. 4(i). Moses' analysis, contained in his "reconsideration memorandum," is flawed.

■ As noted, *supra*, the debtor sought and received permission, pursuant to an order dated October 24, 1991, to serve Duane in accord with B.R. 7004(a) and Fed.

R.Civ.P. 4(i)(1)(E). On same date, Moses was a party defendant in *Exide Corporation v. Venergia, C.A., Rondon, Moses, Honigman, et al.,* Civil Action Number 90–0590, a suit being litigated in United States District Court for the Eastern District of Pennsylvania. Moses was, and continues to be, represented by Duane. Pursuant to *Maldonado* and *Fulton, supra,* and in light of Duane's related and continuing representation of Moses, the court properly directed debtor to serve Moses through his attorney pursuant to Fed.R.Civ.P. 4(i)(1)(E) especially as Moses was domiciled abroad and otherwise unservable.[4]

Following careful reconsideration of our October 24, 1991 order, we reaffirm same without amendment.

### (b) *Motion to Dismiss*

The court dismissed, with prejudice, after a thoughtful and thorough analysis, the identical motions in *Venergia, C.A. v. Honigman, et al.,* 141 B.R. 69, (Bank.E.D.Pa. 1992). We see no reason why, having marched the king's horses up the hill so that we could march them back down again in *Honigman,* this court should repeat the same exercise here. *Mindek v. Rigatti, et al.,* 964 F.2d 1369 (3rd Cir.1992). Therefore, we again deny Moses' [Fed.R.Civ.P. 12(b)(2, 5, 6) respectively] motions to dismiss as having no merit.

An appropriate order follows.

### ORDER

AND NOW, this 9th day of June, 1992, it is ORDERED that:

*(1)* Mitchell Moses' motions for reconsideration of the October 24, 1991, order, pursuant to B.R. 7004(f), B.R. 9014, L.B.R. 9014.1(b)(2) and Fed.R.Civ.P. 4(i), or in the alternative, dismissal of the third party complaint, pursuant to Fed.R.Civ.P. 4(j) and Fed.R.Civ.P. 12(b)(2, 5, 6), respectively, are DENIED AND DISMISSED WITH PREJUDICE;

*(2)* Debtor's motion for an entry of default, as to Venergia, is DISMISSED without prejudice.

*(3)* Venergia, C.A. has been properly served, and is ordered to file an answer to debtor's third party complaint within twenty (20) days of the docketing of this order and opinion;

*(4)* Absent a timely response by Venergia to debtor's third party complaint, debtor is ordered to certify same to the court, pursuant to B.R. 7055 and Fed.R.Civ.P. 55;

*(5)* Mitchell Moses, Venergia, Fred K. Honigman and Rondon have all been properly served in the instant manner.

*(6)* This court has jurisdiction over the person of Mitchell Moses, Venergia, Fred K. Honigman as well as Rondon;

*(7)* The parties, within twenty (20) days after filing of Venergia's answer, shall contact Ms. Barbara Spinka, the Courtroom Deputy, advising her as to the estimate of total time required for trial of the merits of the within action.

---

**4.** Although the original complaint was filed on May 10, 1991, the court finds that the debtor exercised diligence in his attempts to serve Moses. Debtor's diligence constitutes "good cause" for Fed.R.Civ.P. 4(j) purposes such that the court will permit service of the complaint and summons in spite of the passage of 120 days. Further, Fed.R.Civ.P. 4(j) provides "This subdi-vision shall not apply to service in a foreign country pursuant to [Fed.R.Civ.P. 4(i)]." Although Moses was not specifically served in Venezuela, service of Moses, as a foreign domiciliary, was effectuated through Fed.R.Civ.P. 4(i); therefore, the 120 day limitation would be inapplicable.