ELECTRONIC CITATION:  2003 FED App. 0005P (6th Cir.)
File Name:  03b0005p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re:  DAVID A. BEVER, SR. and )
        SHERRY L. BEVER, )
         )
        Debtors. )
_____ )
         )
BANK ONE, NATIONAL ASSOCIATION, )
         )
        Appellant, )
         )
        v. )      No. 03-8004
         )
DAVID A. BEVER, SR. and )
SHERRY L. BEVER, )
         )
        Appellees. )
_____ )

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio,
Eastern Division at Akron.
No. 01-50308.

Argued: August 6, 2003

Decided and Filed: October 23, 2003

Before: AUG, HOWARD, and LATTA, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Cynthia M. Roselle, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellant. Marvin A. Sicherman, DETTELBACH, SICHERMAN & BAUMGART, Cleveland, Ohio, for Appellee. **ON BRIEF:** Cynthia M. Roselle, Rick D. DeBlasis, Romi T. Fox, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellant. Marvin A. Sicherman, DETTELBACH, SICHERMAN & BAUMGART, Cleveland, Ohio, for Appellee.

---

## OPINION

---

WILLIAM S. HOWARD, Bankruptcy Appellate Panel Judge.  Creditor Bank One, National Association ("Bank One") appeals the bankruptcy court's order denying its motion to vacate the trustee's sale of the Debtors' residence back to the Debtors due to insufficient service of the trustee's notice of the proposed sale, and the substantial difference between the sale price and the Debtors' estimated value of the property.  For the reasons set out below, we **AFFIRM** the bankruptcy court's decision.

## I.  ISSUES ON APPEAL

The issues before the Panel are (1) whether the bankruptcy court abused its discretion in denying Bank One relief under Rule 60(b) of the Federal Rules of Civil Procedure, and (2) whether the bankruptcy court erred in concluding that the trustee had complied with the requirements of pertinent bankruptcy rules, including Rules 2002, 6004, 7004, 9014 and 9021 (or that certain of those rules were not applicable), and that her sale of the Debtors' residence to them for a price of $15,000 free and clear of all liens was proper.

## II.  JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has  jurisdiction over appeals from the final orders of bankruptcy courts in the Northern District of Ohio because that district has authorized appeals to this Panel.  The final orders of a bankruptcy court are appealable orders.  28 U.S.C. § 158(a)(1).  For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the courts to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (internal quotations and citations omitted).

The bankruptcy court's denial of relief under Rule 60(b) is reviewed for abuse of discretion. *Pruzinsky v.  Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir.  2002), *cert. denied sub nom. Giannetti v.  Pruzinsky,* 537 U.S. 885, 123 S.Ct.  118 (2002)(citing *Kocher v. Dow Chem. Co.,* 132 F.3d 1225, 1229 (8th Cir. 1997)).  "An abuse of discretion occurs

only when the [bankruptcy] court 'relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *Corzin v. Fordu (In re Fordu),* 209 B.R. 854, 857-58 (B.A.P. 6th Cir. 1997)(quoting *Mapother v. Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 480-81 (6th Cir. 1996)). A trial court also abuses its discretion if the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion it reached based on all of the appropriate factors. *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997)(citation omitted).

Conclusions of law are reviewed de novo. *Nicholson v. Isaacman* (*In re Isaacman*), 26 F.3d 629, 631 (6th Cir. 1994). "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998). Interpretations of federal rules of civil and bankruptcy procedure are conclusions of law which are reviewed de novo. *See Slutsky v. American Express Travel Related Servs. Co. (In re Cargile Contractor, Inc.)*, 209 B.R. 435 (B.A.P. 6th Cir. 1997).

## III. FACTS

Bank One appeals the bankruptcy court's denial of its motion to vacate the sale of the Debtors' residence. The motion does not seek to have an order vacated as there was no order entered. The record before the Panel shows that the Debtors filed their Chapter 7 case on February 7, 2001. On March 30, 2001, notice was sent, pursuant to the trustee's request, of the need to file proofs of claim in the case by July 2, 2001.

The Debtors' schedules listed an $88,000 mortgage held by Old Kent Mortgage Company ("Old Kent") on their residence which they valued at $100,000. Although not a party to this appeal, Beneficial Ohio, Inc. d/b/a Beneficial Mortgage Co. of Ohio ("Beneficial") was also listed on the debtor's schedules as a creditor holding a mortgage claim in the amount of $19,329.70.

According to Bank One, Old Kent was a subsidiary of Old Kent Financial. In April 2001, Old Kent Financial was acquired by Fifth Third Bancorp, as were all of its subsidiaries. In July 2001 Bank One apparently acquired the Debtors' mortgage, but no

3

assignment was recorded. No proof of claim was filed in regard to the subject mortgage until Bank One filed one in September 2002, as set out below.

On September 18, 2001, the trustee filed an adversary proceeding against the Debtors, Old Kent and Beneficial challenging the validity of the mortgages on the basis that only one witness was present when the mortgages were executed. The summons and complaint were served on old Kent and Beneficial via certified mail, and the trustee received return receipts evidencing delivery. When neither party answered or otherwise responded to the adversary complaint, the bankruptcy court granted the trustee's motion for default judgment on January 10, 2002, thereby avoiding the mortgages on the Debtors' residence. Notice of the motion for default judgment and also a copy of the court's order granting default judgment were sent to Old Kent in care of its president. Neither mortgagee appealed the default judgment.

The trustee filed a notice of proposed sale and motion to sell free and clear of liens on April 5, 2002 (a copy was sent to Old Kent, Beneficial, and others by regular mail), and thereafter sold the property to the Debtors for $15,000, a sum that paid all allowed claims and expenses in full. A state court foreclosure proceeding was apparently filed by a local government entity in August 2002 against the Debtors, Old Kent and Beneficial. On September 9, 2002, more than 14 months after the deadline for filing proofs of claim had expired, Bank One filed what it characterized as a secured claim in the amount of $98,296.74. There is nothing in the record to indicate that there was any objection to Bank One's claim. Bank One filed its motion to vacate the sale on October 7, 2002. The trustee testified that at the time Bank One filed its motion, the case was ready for distribution and her final report was being prepared for submission.

Bank One's motion to vacate the sale is based on three contentions: 1) that it was not equitable for the trustee to sell property valued at $100,000 to the debtors for $15,000; 2) that service of the notice and motion to sell did not comply with the Federal Rules of Bankruptcy Procedure; and 3) that the motion to sell did not comply with Fifth Amendment due process requirements. The bankruptcy court conducted a hearing on the matter on December 4, 2002. The court construed Bank One's motion as a motion for relief from a court judgment, order or proceeding under Rule 60(b), made applicable in bankruptcy by

4

Rule 9024 of the Federal Rules of Bankruptcy Procedure, even though no order approving the trustee's sale of the property had been entered. Rule 60(b), in pertinent part, applies to relief from final judgments, orders, or proceedings due to inadvertence, surprise or excusable neglect on the part of the movant, or any other reason justifying relief from the operation of the judgment.

The court therefore had to decide whether Rule 60(b) provided any basis for disturbing the trustee's administration of the case. After a recitation of the facts emphasizing Bank One's delay in appearance in the case, the bankruptcy court decided there was no support for a finding of excusable neglect pursuant to Rule 60(b)(1). The court rejected Bank One's contention that the assignment of the mortgage was an excuse for the failure of the mortgagee to appear. The court pointed out that it was the mortgagee's responsibility to keep the court informed of its status.

As for Rule 60(b)(6), which provides relief based on "any other reason," the bankruptcy court reasoned that the failure of Bank One and/or Old Kent to get involved in the bankruptcy case after being presented with that opportunity on several occasions militated against disturbing the trustee's administration of the case. The bankruptcy court also found compelling the fact that Bank One failed to act on the trustee's notice of proposed sale until the sale transaction had been wholly concluded, which did not meet Rule 60(b)'s requirement that Bank One's motion should be filed within a "reasonable time."

Bank One raised the issue of compliance with Rule 6004 in regard to service of the notice of proposed sale and motion to sell free and clear of liens, and the bankruptcy court stated in the course of the hearing its opinion that service had been sufficient. The bankruptcy court then concluded that there was no support for overturning the sale of the property under either Rule 60(b)(1) or (b)(6). At the conclusion of the hearing the court ruled from the bench that Bank One's motion should be denied. This timely appeal followed.

5

## IV. DISCUSSION

As set out above, Bank One, and its predecessor Old Kent, had numerous opportunities to assert their interests in this case, but did not. Bank One did not even identify itself as a creditor until many months after the deadline for filing proofs of claim had passed as well as the entry of default judgment against Old Kent in the adversary proceeding. When Bank One filed its motion to vacate the sale of the property, the subject mortgage had been avoided by the entry of that default judgment almost a year before, and it had no mortgage lien on the subject property. At best Bank One was an unsecured creditor with no more rights than any other similarly situated creditor.

Bank One argues on appeal that the bankruptcy court erred in denying its motion to vacate because the court failed to review the merits of the trustee's notice and motion to sell, and determined that the service of the trustee's notice and motion sufficiently complied with the federal and local rules, as well as with due process requirements. In addition, Bank One alleges that the bankruptcy court erred in applying Rule 60(b) because there was no court order approving the trustee's sale, and that even if Rule 60(b) is applicable, Bank One's failure to file a timely objection to the trustee's notice and motion to sell was excusable neglect due to insufficient notice.

The trustee contends that, in light of the default judgment avoiding the mortgage, judicial estoppel applies to prevent Bank One from alleging any interest in the property at issue. Further, pursuant to 11 U.S.C. § 363(b)(1) it was unnecessary for the trustee to file a motion and to obtain an order approving the sale because there were no remaining liens on the property and service of such a motion was irrelevant. In addition, the trustee argues that there was no Fifth Amendment due process violation because Bank One lacked any property rights, and that all requirements of due process were met when the trustee commenced the adversary proceeding to avoid the mortgages. Further, the trustee points out that at the hearing before the bankruptcy court, Bank One agreed with the court that Rule 60(b) was applicable. In now alleging that it was error for the bankruptcy court to apply Rule 60(b), Bank One's stance on appeal is inconsistent. Because Bank One unequivocally agreed that Rule 60(b) was applicable to its motion, its argument on appeal that Rule 60(b) is inapplicable is without merit and has been waived.

6

Rule 60(b) states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reason[ ] (1) . . . not more than one year after the judgment, order, or proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . .

Fed. R. Civ. P. 60(b). Bank One argues that Rule 60(b) is inapplicable because the court never entered a final order approving the sale. However, as the language of Rule 60(b) indicates, it is also designed to relieve the movant from the effect of a "proceeding" such as the trustee's notice and motion to sell. The bankruptcy court's application of Rule 60(b) was correct.

Bank One also alleges that, if Rule 60(b)(1) is applicable, its failure to oppose the trustee's notice and motion was due to excusable neglect based on the insufficient notice of the proceeding; specifically, Bank One alleges that the notice was sent via regular, first-class mail rather than by certified mail. Rule 6004 governs service of a notice of proposed sale and a motion to sell property free and clear of other liens and interests, and provides in relevant part as follows:

> (a) Notice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2)[and] (c)(1) . . . .
>
> (c) A motion for authority to sell property free and clear of liens or other interests shall be made in accordance with Rule 9014 and shall be served on the parties who have liens or other interests in the property to be sold. The notice required by subdivision (1) . . . shall include the date of the hearing on the motion and the time within which objections may be filed and served on the . . . trustee.

Fed. R. Bankr. P. 6004(a) and (c). Bank One specifically contends that service of the motion to sell free and clear of liens should therefore have been pursuant to Rule 9014(b)

7

which requires that "[t]he motion shall be served in the manner provided for service of a summons and complaint by Rule 7004." Bank One is correct in regard to how a motion pursuant to Rule 9014 is to be served. *See In re J.B. Winchells, Inc.*, 106 B.R. 384, 394 (Bankr. E.D. Pa. 1989). The service requirement in Rule 6004(c), however, applies only to "parties who have liens or other interests in the property to be sold." At the time the trustee filed the motion to sell free and clear of liens, neither Old Kent nor any other party had a lien on or other interest in the property. For all intents and purposes, the estate owned the property "free and clear." There was no contested matter which required application of Rule 7004 (or Rule 9021 which incorporates Federal Rule of Civil Procedure 58 requiring the entry of a separate judgment).

In a related argument, Bank One contends that the service it maintains was insufficient deprived it of its property without due process. Bank One argues that Old Kent's mortgage was still "of record" and had not been released at the time the trustee filed the motion to sell free and clear of liens. This argument ignores the fact that the mortgage had already been avoided, and neither Old Kent nor its assignee Bank One had any property interest to be afforded due process protection. This argument also demonstrates the inconsistency of Bank One's contention set out below that the trustee should have inquired as to whether Old Kent was still the mortgage holder of record before she sold the property.

Bank One also alleges that service should have been via certified mail because Old Kent was a federally insured depository institution. The trustee, however, contends that at all pertinent times, Old Kent was a subsidiary of a holding company, and not itself a federally insured institution. Bank One has offered no evidence to support its allegation regarding the federally insured status of Old Kent and regardless, as indicated above, Old Kent did not meet the "party with an interest in the property" status required for service of the trustee's notice and motion to sell. The same reasoning may be applied to Bank One's argument that the Ohio procedural rules require that out-of-state service be via certified mail, and that a Fifth Amendment due process violation has occurred.

Finally, regarding service, Bank One does not allege that service of the trustee's notice and motion to sell was not received, and the trustee testified that none of the mail

8

she sent to Old Kent was returned to her. The trustee had no means of discerning that the Debtors' mortgage had been sold or assigned in an unrecorded document, or that Old Kent merged with another company, all subsequent to the bankruptcy filing. The trustee states that, pursuant to the holding in *Pinney v. Merchants' Nat. Bank*, 72 N.E. 884 (Ohio 1904) she had no duty to look beyond the record or investigate Old Kent's status, particularly when certified mail was in fact delivered to it (service of the adversary complaint on Old Kent was stipulated at the December 4, 2002 hearing). The *Pinney* court observed in regard to a statutory provision for the recordation of the assignment of a mortgage:

> We think that the statute justifies and that fair dealing requires the rule that where the recording act authorizes the assignment of mortgages to be recorded, and the assignment is duly entered of record, such record shall be held to be notice to mortgagees and subsequent purchasers, but, where such assignment is not so entered, mortgagees and subsequent purchasers, in the absence of notice otherwise, are justified in relying upon the record as they find it, and in acting accordingly.

*Pinney v. Merchants' Nat. Bank*, 72 N.E. at 888. While it is not unusual for a trustee to solicit claims from known creditors who have not filed a claim where there are funds in excess of claims filed, in the circumstances of this case, where Old Kent or Bank One had failed to come forward with a claim despite ample opportunity to do so, the trustee did not err in not seeking out the creditor. In addition, there is nothing in the record to demonstrate when Old Kent actually ceased to be the mortgagee, although according to the trustee, the records of the Ohio Secretary of State show that Old Kent was not "merged out of existence" until July 10, 2002, six months after the default judgment was entered.

Bank One also takes the position that the equities favor it, and not the trustee, in regard to the sale of the property to the debtors for $15,000. It maintains that this sale results in the Debtors' receiving a windfall of $85,000 in equity - the difference between the value of their home as stated in their schedules and the price paid to the trustee. The trustee testified at the December 4, 2002 hearing that after default judgment was entered in the adversary proceeding she reviewed the claims that had been filed in the Debtors' case and determined that there were approximately $9,000 in allowed claims. She

approached the Debtors' attorney concerning whether they would be interested in repurchasing the property for an amount sufficient to cover all claims in full plus administrative expenses and the purchase of a preliminary judicial report. The trustee then accepted the offer of $15,000 from the Debtors. She further testified that she had considered putting the property up for sale, but when she determined that there were only $9,000 in claims, it appeared to be in the best interests of the estate to cover all of the claims and expenses. Any excess of funds from a sale beyond those necessary to pay the costs of administration of the estate and satisfy all allowed claims of creditors would have been returned to the Debtors in any event. The result here was the same with the exception that the debtors received the house instead of cash in the amount of the net remaining after payment of all claims and expenses of administration.

Without an interest in a valid mortgage to assert, Bank One has no support for its contention that the trustee's administration of the estate in regard to the sale resulted in an inequity. There were no lien holders whose interests needed to be protected. All the creditors who had filed claims by the bar date were apparently paid from the sale proceeds. Any alleged "windfall" to the Debtors is not the result of the trustee's failure to properly perform her duties, but of Old Kent's failure to participate in the bankruptcy process, file a timely claim, respond to the filing of the adversary proceeding challenging its mortgage or timely seek relief from the default judgment entered against it.[1]   Bank One's argument that the trustee had a duty to sell the property for the "highest and best price," i.e., for more than $15,000, and to pay all creditors rather than "return money to the Debtors," ignores its own failure to record the assignment of the mortgage from Old Kent and to timely assert its interest in this case. The Panel is therefore compelled to agree with the trustee that Bank One's attempt to vacate the sale is simply an effort to escape the consequences of the default judgment against Old Kent in the adversary proceeding.

---

[1]Even if Old Kent or any successor party had filed an answer in the adversary, the trustee might well have prevailed, assuming she demonstrated that only one witness was present at the closing of the subject mortgage. *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020 (6th Cir. 2001).

## V. CONCLUSION

Based on the foregoing the Panel concludes that the bankruptcy court did not abuse its discretion in denying Bank One relief pursuant to Rule 60(b), nor did it err in its interpretation of other applicable rules of bankruptcy procedure resulting in its decision that the trustee's administration of the estate was proper. The decision of the bankruptcy court is therefore **AFFIRMED**.