*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b).  See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  08b0015n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re:  LOUIS G. FUSCO, JR.<br>and TONI L. FUSCO,<br><br>Debtors.<br>_____<br><br>COUNTRYWIDE HOME LOANS, INC.,<br><br>Appellant,<br><br>v.<br><br>MYRON N. TERLECKY, TRUSTEE,<br><br>Appellee. | No. 08-8028 |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Columbus.
No. 07-55828.

Argued: August 12, 2008

Decided and Filed:  September 19, 2008

Before:  FULTON, GREGG, and PARSONS, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Nathan L. Swehla, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellant.  Myron N. Terlecky, STRIP, HOPPERS, LEITHART, McGRATH & TERLECKY, Columbus, Ohio, for Appellee.  **ON BRIEF:**  Nathan L. Swehla, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellant.  Myron N. Terlecky, James A. Coutinho, STRIP, HOPPERS, LEITHART, McGRATH & TERLECKY, Columbus, Ohio, for Appellee.

---

**OPINION**

---

MARCIA PHILLIPS PARSONS, Chief Bankruptcy Appellate Panel Judge. Countrywide Home Loans, Inc. ("Countrywide") appeals an order of the bankruptcy court denying its motion to vacate an earlier order authorizing the trustee's sale of real estate free and clear of liens, claims, and encumbrances. For the following reasons, we affirm the bankruptcy court's order.

## I. ISSUE ON APPEAL

The issue in this appeal is whether the bankruptcy court abused its discretion in denying Countrywide relief under Rule 60(b) of the Federal Rules of Civil Procedure.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to this Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's order denying Countrywide's motion to vacate the order to sell property is a final, appealable order. *In re Bever*, 300 B.R. 262, 264 (B.A.P. 6th Cir. 2003). However, "'an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.'" *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991) (quoting *Peake v. First Nat'l Bank & Trust Co.*, 717 F.2d 1016, 1020 (6th Cir. 1983)); *see also Browder v. Dir., Dep't of Corrections*, 434 U.S. 257, 263 n.7, 98 S. Ct. 556, 560 (1978).

The bankruptcy court's denial of relief under Rule 60(b) is reviewed for abuse of discretion. *In re Bever*, 300 B.R. at 264. "An abuse of discretion occurs only when the trial court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *In re Gasel Transp. Lines, Inc.*, 326 B.R. 683, 685 (B.A.P. 6th Cir. 2005) (citing *Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 267 (B.A.P. 6th Cir. 2000)). "Under this standard, we cannot reverse unless we have a definite and firm conviction that the trial court committed a clear error of

judgment in its conclusion it reached upon weighing the relevant factors." *In re Cohara,*, 324 B.R. 24, 26 (B.A.P. 6th Cir. 2005) (quoting *In re Bartee,* 317 B.R 362, 365 (B.A.P. 9th Cir. 2004)). The question is "whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 529 (6th Cir. 2002).

Where relief from a default judgment is sought under Rule 60(b)(4), however, the bankruptcy court's decision is reviewed de novo because Rule 60(b)(4) authorizes relief from a judgment where the judgment is void for lack of jurisdiction. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007). Denying a motion to vacate a void judgment is a per se abuse of discretion. *Burrell v. Henderson,* 434 F.3d at 831.

### III.  FACTS

On January 10, 2003, Louis and Toni Fusco ("Debtors") executed a promissory note in the amount of $74,000 and granted a mortgage to Countrywide on certain real property located in Columbus, Ohio ("Property"). On January 17, 2003, the mortgage was recorded in the Franklin County Clerk's office.

On July 27, 2007, the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. They listed the Property as an asset encumbered by two mortgages: the first in favor of Countrywide in the amount of $76,327, and the second in favor of Franklin Credit Management in the amount of $48,841. On August 20, 2007, Countrywide through its attorney, Casey M. Cantrell-Swartz ("Cantrell-Swartz"), filed a motion for relief from stay to proceed with its state court remedies to foreclose upon the Property. The bankruptcy court denied that motion because it had not been served upon the Debtors' attorney. Cantrell-Swartz then filed and properly served a second motion for stay relief on behalf of Countrywide. The chapter 7 trustee, Myron Terlecky ("Trustee"), objected to the motion on the basis that the mortgage was avoidable pursuant to 11 U.S.C. § 547 because it failed to include a legal description of the Property.

While the stay relief motion was pending, the Trustee filed on October 25, 2007, an application for authority to employ a realtor/auctioneer to sell the Property at public auction. The

application was approved without opposition by order entered November 27, 2007. Both the application and order were served on Cantrell-Swartz . Also while Countrywide's stay relief motion was pending, the Trustee filed on November 13, 2007, a motion to sell the Property free and clear of all liens, claims and encumbrances, along with a notice of public sale of real estate ("Sale Motion"). The Sale Motion stated that the Debtors had valued the Property at $95,000, provided that any lien would attach to the sale proceeds pursuant to 11 U.S.C. § 363(f), and disclosed the terms and conditions of the proposed auction sale. Unfortunately, the Sale Motion incorrectly listed the date of the auction as January 29, 2007, rather than January 29, 2008. The Sale Motion was served upon Countrywide, although not to the attention of any particular individual, and specified that any objection to the proposed sale must be filed within 20 days.

On November 29, 2007, prior to the expiration of the Sale Motion's objection period, the bankruptcy court held a hearing on Countrywide's motion for stay relief.[1] At that hearing, the Trustee advised the court that he would be filing an avoidance action against Countrywide. The parties also discussed the pending Sale Motion, and it was noted that Countrywide's attorney, Cantrell-Swartz, inadvertently had not been served with the motion. The day after the hearing, the Trustee filed a supplemental certificate evidencing service of the Sale Motion upon Cantrell-Swartz.

No objection or response was filed to the Sale Motion. On January 4, 2008, the bankruptcy court entered an order granting the Sale Motion while noting that all parties had been served with the motion and no objection had been filed. The order was served upon Cantrell-Swartz. On January 29, 2008, the Trustee's realtor/auctioneer conducted an auction of the Property in accordance with the order.

On February 29, 2008, the successful bidder at the auction closed on the sale of the Property consistent with the terms of the court's order approving the Sale Motion. The Trustee subsequently filed a report of sale stating that the Property sold for $47,000 with the estate netting $44,624.64 after sale expenses.

Also on February 29, 2008, Countrywide filed a motion to vacate the order granting the Sale Motion pursuant to Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule

---

[1] On March 20, 2008, the bankruptcy court entered an agreed order holding Countrywide's motion for relief from stay in abeyance until the Trustee's adversary proceeding against Countrywide to avoid the mortgage that was filed on February 7, 2008, was resolved. The adversary proceeding remains pending.

of Civil Procedure 60. Countrywide alleged that the order failed to comport with due process and was void because the Sale Motion did not comply with S.D. Ohio Local Bankruptcy Rule 6004-1 as it lacked the Property's legal description, contained an incorrect date of sale, did not state the sale price, and provided no basis for the suggested price. Furthermore, according to Countrywide, the Sale Motion failed to comply with 11 U.S.C. § 363(f)(3) because the sale price was not in excess of the aggregate value of liens on the Property.

The bankruptcy court denied the motion to vacate, finding that the motion was moot because the sale had been consummated. Furthermore, the court found that Countrywide's motion to vacate failed to articulate a sufficient basis upon which to grant the requested relief because it did not address all of the necessary elements for setting aside a default judgment established by the Sixth Circuit Court of Appeals in *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

This timely appeal followed.

## IV. DISCUSSION

Countrywide sought relief from the bankruptcy court's default order granting the Sale Motion pursuant to Federal Rule of Bankruptcy Procedure 9024, which makes Rule 60 of the Federal Rules of Civil Procedure applicable in bankruptcy cases. Specifically, Countrywide sought relief under Rule 60(b)(4) and (6). In pertinent part, Rule 60 provides:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (4) the judgment is void; [or]
>
> (6) any other reason that justifies relief.

When Rule 60 is invoked to set aside a default judgment, a trial court must find that one of the specific requirements of Rule 60(b) is met and consider the equitable factors relevant to good cause for setting aside a default judgment under Federal Rule of Civil Procedure 55(c). *See Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996). These equitable factors are: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434

F.3d at 831 (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992));
*see United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d at 845.

In this appeal, Countrywide asserts that the bankruptcy court erred in granting the Sale Motion and erred in denying its motion to vacate. Before the bankruptcy court, Countrywide argued that its motion to vacate should be granted because the Sale Motion did not contain a legal description of the Property, had an incorrect date of sale, failed to list a sale price, and gave no basis for a suggested price. Countrywide also asserted that the Sale Motion had not complied with 11 U.S.C. § 363(f)(3) because the sale price was not in excess of the aggregate value of liens on the Property. Before this panel, Countrywide raises the additional argument that it was not served with the Sale Motion in accordance with Federal Rule of Bankruptcy Procedure 7004(b)(3), and therefore, Countrywide was denied due process and the judgment is void. Each of these issues will be addressed in turn.

## A. Service of Sale Motion

Because Countrywide did not raise the service issue in the bankruptcy court,[2] we would not ordinarily address it. *See Heavrin v. Schilling (In re Triple S Rests., Inc.)*, 519 F.3d 575, 579 (6th Cir. 2008) (finding attorney waived arguments focused on alleged lack of notice and due process prior to receiving sanctions where he did not raise them in the court below); *see also United States v. 51 Pieces of Real Prop., Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994) (failure to object to court's exercise of personal jurisdiction in the first response waives defense); *Mueller v. Hall (In re Parker)*, 368 B.R. 86, 2007 WL 1376081,*5 (B.A.P. 6th Cir. 2007) (unpublished table opinion) (argument based on ineffective service waived by failure to timely raise issue). However, if the bankruptcy court lacked jurisdiction because of improper service, the default judgment is void and must be set aside under Rule 60(b)(4). *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 907 (6th Cir. 2006) (judgment that shows a jurisdictional defect on the face of the record is void); *In re Maloni*, 282 B.R. 727 (B.A.P. 1st Cir. 2002) (failure to properly effect service under rules of procedure deprives bankruptcy court of personal jurisdiction and any order entered by the court is

---

[2] In its reply brief, Countrywide states that it "properly brings the issues of due process regarding the Order granting the Motion to Sell and the sale process before this Panel on appeal" as its "Motion to Vacate clearly indicates that the Order granting the Motion to Sell fails to comply with due process and is void." (Appellant's Reply Br. at 6.) While it is true that Countrywide asserted lack of due process in its motion to vacate, Countrywide did not specifically raise the issue of service of process. Rather, in its motion to vacate, Countrywide asserted that the Sale Motion violated due process because it did not give proper notice of the date of the proposed sale and failed to comply with local rules and the Bankruptcy Code.

therefore void); *see also In re Chess*, 268 B.R. 150, 155 (Bankr. W.D. Tenn. 2001) ("Under Rule 60(b)(4), if a judgment is void, it must be vacated.  Lack of notice and sufficient service of process leading ultimately to lack of due process properly renders a judgment void.").  As a result, we will consider the issue of service in this instance, despite Countrywide's failure to raise it in the bankruptcy court.

Pursuant to Federal Rule of Bankruptcy Procedure 6004(c), a motion for authority to sell property free and clear of liens must be made in accordance with Federal Rule of Bankruptcy Procedure 9014 and served on parties who have liens and other interests in the property to be sold.  Service of such a motion, pursuant to Rule 9014, shall be made in the manner provided by Rule 7004.  Under Rule 7004(b)(3), service by first class mail may be made upon a domestic corporation, such as Countrywide, "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."

Countrywide asserts that the Sale Motion was not properly served upon it because the Trustee's certificate of service shows that it was addressed solely to Countrywide and not to the attention of an officer or agent.  Citing to *Saucier v. Capitol One (In re Saucier)*, 366 B.R. 780, 784 (Bankr. N.D. Ohio 2007),[3] Countrywide asserts that literal compliance with the rule is required.  Countrywide concludes, therefore, that because it was not properly served with the Sale Motion it was deprived of due process and the bankruptcy court erred in entering the order approving the Sale Motion.

The Trustee initially counters that the issue of service has been waived because it was not raised in the bankruptcy court.  Anticipating, however, that we may address the issue nevertheless, he argues further that pursuant to the local rules of court proper service was effected when the Sale Motion was served by mail upon Countrywide's counsel who had appeared in the case on several occasions.  Local Bankruptcy Rule 9013-3(c) for the Southern District of Ohio provides, in pertinent

---

[3] In *Saucier*, service of an adversary complaint was attempted upon a domestic corporate defendant, which had *not* previously appeared in the case, by mailing it addressed to the attention of the "office manager."  Coupled with the fact that the listed address was incorrect, the bankruptcy court found this insufficient under Rule 7004.  "Nationwide service of process by first class mail is a rare privilege which can drastically reduce the costs and delay of litigation.  As a privilege, it is not to be abused or taken lightly.  Where the alternative to service by mail is hiring a process server to serve the papers in person, it seems like a small burden to require literal compliance with the rule."  *In re Saucier*, 366 B.R. at 784.

part, "[i]f a party other than a debtor is represented by an attorney, service need only be made on that party's attorney." Moreover, according to the Trustee, Rule 7004(b)(3) permits service on Countrywide's counsel because she was an "agent authorized by appointment" as contemplated by that rule.

In response, Countrywide counters that Cantrell-Swartz had not filed a formal notice of appearance in the bankruptcy case at the time of service of the Sale Motion on her and in fact did not file one until February 28, 2008, after the sale of the Property. Accordingly, Countrywide maintains that service upon Cantrell-Swartz was insufficient as service on Countrywide under Rule 7004(c).

Based on our de novo review, we find no lack of due process in this case. Attorneys may be authorized to accept service of process either expressly or impliedly. *In re Villar*, 317 B.R. 88, 93 (B.A.P. 9th Cir. 2004); *see also Rubin v. Pringle (In re Focus Media, Inc.)*, 387 F.3d 1077, 1082 (9th Cir. 2004) (holding that implied authorization to accept service is permitted under the bankruptcy rules where service is made in an adversary proceeding on a party's attorney in the underlying bankruptcy case). "To find an implied agency, courts look at all the circumstances under which the defendant appointed the attorney to measure the extent of the authority that the client intended to confer." *Ms. Interpret v. Rawe Druck-und-Veredlungs-GmbH (In re Ms. Interpret)*, 222 B.R. 409, 416 (Bankr. S.D.N.Y. 1998); *see also Rondon v. Honigman (In re Honigman)*, 141 B.R. 76, 78 (Bankr. E.D. Pa. 1992) (service upon foreign corporation by mailing summons and complaint to law firm was proper service where firm represented corporation in main bankruptcy case); *Reisman v. First N.Y. Bank for Bus. (In re Reisman )*, 139 B.R. 797, 801 (Bankr. S.D.N.Y. 1992) (finding implied agency for service when defendant took an active role in related bankruptcy case through counsel). *Cf. York v. Bank of Am., N.A. (In re York)*, 291 B.R. 806 (Bankr. E.D. Tenn. 2003) (acknowledging attorney can be impliedly authorized to accept service but finding attorney who represented mortgagee in state court foreclosure action not necessarily mortgagee's agent for service of process in bankruptcy case). As one court explained:

> There is no fear . . . that service of the summons and complaint upon [the attorney] would not be brought home to each principal. This is at times a matter of concern in these problems of service of process through claimed authorized agent. That service of process upon their lawyer would bring notice of the lawsuit to [the client] seems beyond argument . . . .

*United States v. Davis*, 38 F.R.D. 424, 425-26 (N.D.N.Y. 1965).

Applying these principles to the present case, even though Cantrell-Swartz had not filed a formal notice of appearance on behalf of Countrywide at the time she was served with the Sale Motion, she had filed on Countrywide's behalf two motions for relief from stay *as to the same Property at issue* and had appeared at the hearing on the second motion at which the Sale Motion and service of the Sale Motion on her was explicitly discussed. In the absence of any evidence to the contrary, Cantrell-Swartz's actions strongly suggest that she had the implied authority to accept on Countrywide's behalf service of any motions pertaining to the Property.

More significantly, however, we must note that Countrywide does not argue that it did not receive notice, only that the notice it received did not *technically* comply with Rule 7004(b)(3). However, notice is adequate when it is shown that although a party did not receive formal notice, actual notice was received. *See Creditors Comm. of Park Nursing Ctr., Inc. v. Samuels (In re Park Nursing Ctr., Inc.)*, 766 F.2d 261 (6th Cir. 1985) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652 (1950) (holding that a rule of notice in bankruptcy is adequate if reasonably calculated to achieve actual notice and a procedure is available for one who fails to receive notice to set aside order; due process is afforded by such a rule)); *see also In re Glinz*, 66 B.R. 88 (D. N.D. 1986) (holding that unsecured creditors committee was not entitled to relief despite lack of formal notice of hearing on settlement where attorney representing committee was present and no showing was made that he could have made any argument with 20 days notice by mail that he could not have made with actual notice received at hearing). "In bankruptcy, a procedural rule requiring notice is adequately complied with by procedure whereby a party not receiving formal notice does receive actual notice and has some available remedy to set aside the judgment." *In re Toth*, 61 B.R. 160, 166 (Bankr. N.D. Ill. 1986) (citing *In re Park Nursing Ctr., Inc.*, 766 F.2d at 263)).

Countrywide was given more than adequate notice of the Sale Motion. The record shows that both Countrywide itself and its counsel, which had appeared in the case twice, were served with the Sale Motion. In addition, counsel for Countrywide, its implied agent for service, was served with both the application for authority to employ realtor/auctioneer and the order granting same. We are convinced that Countrywide received due process in this case.

## B. Merits of Sale Motion

Countrywide asserts that the Sale Motion itself did not comply with § 363(f)(3), Rule 6004(c), and S.D. Ohio Local Bankruptcy Rule 6004-1(b)(1). Because "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review," this issue is not properly before us. *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d at 975 (quoting *Peake v. First Nat'l Bank & Trust Co.*, 717 F.2d at 1020); *see also Browder v. Director, Dep't of Corrections* 434 U.S. at 263 n.7 ("The Court of Appeals may review the ruling only for abuse of discretion, however, and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."). Accordingly, any relief on this basis must be denied.

## C. Merits of Motion to Vacate

Countrywide's primary argument in support of its position that the bankruptcy court erred in denying its motion to vacate the sale order is, again, that it was not properly served. In this instance, it asserts that it was not properly served with the order granting the Sale Motion and therefore, the order is void for failure to comport with due process. The record shows, however, that the order was served upon Countrywide's counsel. For the reasons previously discussed, service upon Countrywide's counsel was sufficient and comported with due process.

Finally, Countrywide argues that the bankruptcy court erred in addressing the three equitable factors to be considered when relief is sought under Rule 60 from entry of a default judgment. In regard to the first factor, whether the plaintiff will be prejudiced, Countrywide asserts that there will be no prejudice to the Trustee "in light of the potential harmful result that Countrywide would realize in having the subject real estate sold free and clear of its lien." (Appellant's Br. at 17.) In anticipation of the Trustee's argument that he will be prejudiced because the Property has been sold, Countrywide states that "the Trustee bears responsibility for the lack of due process afforded to Countrywide . . . . The Trustee cannot now assert that he will be prejudiced when his own actions created the deficiencies rendering the Order void." (Appellant's Br. at 17-18.). With respect to the second factor, whether the defendant has a meritorious defense, Countrywide asserts that it established such a defense under 11 U.S.C. § 363(e)[4] and was prevented from presenting its secured lien status as a defense to the sale, resulting in insufficient funds to satisfy its mortgage lien. And as to the third factor, culpable conduct, Countrywide argues it was not its conduct that resulted in

---

[4] Countrywide asserts that its interest in the property was not adequately protected.

the default judgment, but rather the actions of the Trustee in failing to properly serve the Sale Motion.

Once again, however, Countrywide argues issues which it did not raise before the bankruptcy court. As the bankruptcy court correctly found, Countrywide failed to address the elements of prejudice and culpable conduct in its motion to vacate. Accordingly, Countywide is precluded from now raising these considerations on appeal. *In re Triple S Rests., Inc.*, 519 F.3d at 579.[5]

## V.  CONCLUSION

We find no abuse of discretion nor a violation of Countrywide's due process right. The order of the bankruptcy court denying Countrywide relief under Rule 60(b) of the Federal Rules of Civil Procedure is AFFIRMED.

---

[5] Because we find that Countrywide did not address the necessary elements of prejudice and culpable conduct, we need not reach the issue of whether § 363(m), the "bankruptcy mootness" rule, applies.